veyance solemnly and freely entered into. If the grantor appreciates the character and consequences of his particular act, it is not the prerogative of the courts to work out for him a different distribution of his property. The entire record in this case makes it abundantly clear the grantor was affectionately disposed toward appellant, and if he was otherwise peculiar, he had a normal, fixed and rational desire to convey his property to her. To destroy this purpose and this deed, the burden upon appellees was heavy indeed. In our opinion they failed to overcome the presumption of mental capacity, so strongly supported by a preponderance of the significant evidence.

While ordinarily we will follow a finding of fact by a Chancellor upon conflicting proof, it is our clear conviction that on a difficult record the Chancellor erred in his conclusion. Under the circumstances, the judgment must be reversed. See Allen v. Rogers, 262 Ky. 744, 91 S.W.2d 17; McCutcheon v. Bichon et al., 267 Ky. 694, 103 S.W.2d 76; and Tartar v. Eaton et al., 282 Ky. 219, 138 S.W.2d 342.

The judgment is reversed.

Isaac Turner, Hyden, for appellant.

Napier & Napier, Hazard, for appellee.

CULLEN, Commissioner.

In a habeas corpus proceeding, the appellant, Calloway Shepherd, sought custody of a minor child. Judgment denying his petition and dismissing the proceeding was entered on March 1, 1952. The appeal was filed in this Court on April 10, 1952.

Under Section 429–1 of the Criminal Code of Practice, an appeal in a habeas corpus proceeding must be filed within 10 days after the entry of the judgment. This appeal was not filed in time, and the Court therefore does not have jurisdiction. Matthews v. Buchanan, Ky., 238 S.W.2d 1001.

Appeal dismissed.

## SHEPHERD v. CRASE et al.

Court of Appeals of Kentucky.

May 9, 1952.

## COMMONWEALTH for Benefit of CITY OF RICHMOND v. SHELTON.

Court of Appeals of Kentucky.

May 9, 1952.